## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

ANTONIO OSEGUERA CERVANTES,
also known as "Tony Montana,"
"Chucho," "Joel Mora Garibay,"
"Tono," "T.M.," and "El 4,"

Defendant.

Case No. 23-CR-027 (BAH)

**FILED**

JUL 3 1 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### JOINT STATEMENT OF STIPULATED FACTS

The statement of facts does not purport to include all of the Defendant's illegal conduct during the course of his charged offense. Nor does it purport to be an inclusive recitation of all that the Defendant heard, knew, or witnessed concerning the illegal activities of himself or those of his conspirators. It represents sufficient information for the Court to find a factual basis for accepting the Defendant's guilty plea in the above-captioned matter and is not intended to represent all of the Defendant's relevant conduct for sentencing purposes. Had the Defendant proceeded to trial, the Defendant agrees that the Government's evidence would show the following beyond a reasonable doubt:

1.     From at least in or around January 1998 and continuing thereafter up to and including December 20, 2022, within the countries of Mexico, the United States, and elsewhere, the Defendant, ANTONIO OSEGUERA CERVANTES, did knowingly, willfully, and intentionally combine, conspire, confederate, and agree with other conspirators, both known and unknown, to manufacture and distribute at least 450 kilograms or more of cocaine and at least 45 kilograms or more of methamphetamine, Schedule II controlled substances, intending and

knowing that such substances would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959(a), 960(a)(3), 960(b)(1)(B)(ii), 960(b)(1)(H), and 963. Moreover, from at least in or around January 2002, and continuing thereafter up to and including on or about December 20, 2022, the Defendant, ANTONIO OSEGUERA CERVANTES, did knowingly and intentionally use and carry a firearm, during and in relation to one or more drug trafficking crimes, to wit: the offense charged in Count One of the Indictment, and did knowingly and intentionally possess a firearm in furtherance of such drug trafficking crimes, to wit: the offense charged in Count One of the Indictment, in violation of 18 U.S.C. §§ 924(c) and 2.

2.      Starting in or around 2002, the Defendant obtained, through other co-conspirators, precursor chemicals used in the production of methamphetamine destined for the United States.

3.      Between around 2002 and 2010, the Defendant operated out of Jalisco, Mexico, as a member of a drug trafficking organization (DTO) named the Milenio Cartel. In Jalisco, the Defendant oversaw narcotics sales in certain areas, protected those areas from rival cartels, received precursor chemicals for the production of methamphetamine, and supervised the operations of and maintained methamphetamine laboratories. During that timeframe, the Defendant trafficked methamphetamine and cocaine into the United States and had at least five participants working under his supervision.

4.      In or around 2010, after the leader of the Milenio Cartel was arrested, the Defendant's brother, Nemesio Oseguera Cervantes, also known as "Mencho," and others formed the Cartel de Jalisco Nueva Generacion (CJNG). Mencho assumed CJNG's top leadership position. The CJNG's drug trafficking activities were and remain extensive, with more than five participants. The CJNG was and remains closely aligned with another DTO named Los Cuinis.

5.      The Defendant worked with, and reported to, Mencho. The Defendant received

2

methamphetamine precursor chemicals and arranged for their transportation to CJNG methamphetamine laboratories. The Defendant also received cocaine shipments from Los Cuinis for further distribution. The Defendant was also responsible for receiving CJNG drug proceeds and managing CJNG money laundering activities—including the transfer of drug proceeds that the CJNG obtained from the United States through *casas de cambio*, or currency exchange locations, to Mexico.

6.    The Defendant acknowledges that during his participation in the charged conspiracy, the CJNG manufactured and distributed multi-ton quantities of methamphetamine and, in coordination with Los Cuinis, distributed multi-ton quantities of cocaine. The Defendant helped the CJNG distribute both methamphetamine and cocaine for importation into the United States.

7.    During and in furtherance of the charged conspiracy, the Defendant was armed with a pistol when attending meetings to discuss drug trafficking and to collect narcotics proceeds.

8.    The Defendant admits that in furtherance of the conspiracy, he communicated with co-conspirators via BlackBerry Messenger (BBM) using several screen names, including "T.M." and "Tony." In BBM communications in or around 2013, the Defendant discussed with other coconspirators routes to transport drugs to avoid law enforcement detection, precursor chemicals, and methamphetamine production and transportation. For instance, on or around June 10, 2013, the Defendant and a co-conspirator discussed the 60-kilogram capacity of a truck's hidden compartment to transport methamphetamine destined for the United States. As another example, on or around September 4, 2013, the Defendant and a co-conspirator discussed a shortage of a methamphetamine precursor chemical they called "deodorant."

9.    The Defendant knew that through his involvement in the underlying conspiracy, more than 450 kilograms of cocaine and more than 45 kilograms of methamphetamine were

3

illegally imported into the United States for further distribution.

10.     The Defendant agrees venue and jurisdiction lie with this Court pursuant to 18 U.S.C. § 3238.

11.     The Defendant agrees that his participation as a conspirator in the above-described acts were in all respects knowing, intentional, and willful, reflecting an intention and deliberation to do something the law forbids and were not in any way the product of any accident, mistake of law or fact, duress, entrapment, or public authority.

12.     With his signature below and that of his counsel, the Defendant agrees that he has fully adopted this statement of facts as his own statement. The Defendant is adopting this statement of facts because it is a true and correct summary of the Defendant's own conduct.

13.     The Defendant is pleading guilty because he is in fact guilty.

Respectfully submitted,

MARGARET A. MOESER
Chief
Money Laundering, Narcotics
and Forfeiture Section
Criminal Division
U.S. Department of Justice

Date: 07.08.2026     By: _____
DOUGLAS MEISEL
LERNIK BEGIAN
Trial Attorneys

Approved by:

Date: 7/8/26     By: _____
KAITLIN J. SAHNI
Chief
Narcotic and Dangerous Drug Unit

4

## DEFENDANT'S ACKNOWLEDGMENT

I have reviewed this Statement of Facts with the assistance of an English-Spanish interpreter, and have discussed it at length with my attorney, Frank Perez, Esq., who speaks fluent Spanish. This Statement of Facts has been translated into Spanish for me. I understand that the English version controls. I fully understand this Statement of Facts and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of Facts fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in the accompanying Plea Agreement, as dated below. I am satisfied with the legal services provided by my attorney in connection with this Statement of Facts, the accompanying Plea Agreement, and all matters related to it.

_____          6/17/26
ANTONIO OSEGUERA CERVANTES               Date
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant, through an English-Spanish interpreter, the Defendant's rights and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Statement of Facts with the Defendant. The Defendant is agreeing to this Statement of Facts voluntarily, intelligently, and with full knowledge of all consequences of the Defendant's plea of guilty.

_____          6/17/26
FRANK PEREZ, ESQ.                        Date
Attorney for Defendant

5